UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. G-11-8 |
| | § | |
| PHILLIP EDWARD BAKER | § | |

## ORDER DENYING MOTION TO SUPPRESS

**I.**

Before the Court is the defendant Philip Edward Baker's motion to suppress the evidence seized in the case (Doc. No. 33) and the government's response (Doc. No. 36). The Court has reviewed the motion, response and the search warrant executed by the Magistrate Judge and determines that the defendant's motion to suppress should be denied.

**II.**

The facts are straightforward and undisputed. A search warrant was executed on the defendant's residence in Angleton, Texas, on February 23, 2010. The basis for the search warrant was a German search conducted on a particular internet network. When the German authorities conducted a random internet search on the eDonkey2000 network, they found that a video, previously identified as containing child pornography, had been made available for downloading for IP addresses. The German authorities, in turn, notified the ICE Cyber Crime Center in the United States regarding the United States subscribers, i.e., the IP addresses that had been issued by AT&T. AT&T records showed that the relevant IP addresses belonged to the defendant.

On or about February 4, 2010, federal agents conducted surveillance on the address where the IP addresses were registered and later obtained a search warrant for the residence. A

search and seizure were conducted on February 23, at which time the agents collected equipment and materials that resulted in this Indictment.

### III.

The sole issue before the Court is whether the information relied upon by the federal agents was stale and, therefore, failed to establish probable cause for the issuance of a search warrant. The defendant contends that a delay from March 16-20, 2009, when someone at the defendant's residence made child pornography available on the internet, to February 19, 2010, when a search warrant was applied for and issued, is an unreasonable delay, causing the information to become stale and thereby factually insufficient to establish probable cause.

The Court disagrees. The Court is of the opinion that the internal facts are sufficient to establish probable cause. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005); *United States v. Wake*, 948 F.2d 1422, 1428 (5th Cir. 1991) *cert. denied* 504 U.S. 975 (1992). The defendant does not attack the veracity or sufficiency of the affidavit that forms the basis for the issuance of the search warrant. Instead, he argues simply, that the information is stale. In this regard, the Court is of the opinion that the information is not stale, as a matter of law, in light of the nature of the criminal activity and the property sought for seizure. *See United States v. Allen*, 625 F.3d 830, 842 (5th Cir. 2010). In *Allen* the Fifth Circuit held that a 18-month delay or lapse, absent other contradictory evidence, did not render the information stale. The Court is of the opinion that the same rationale applies here.

It is ORDERED that the defendant's motion to suppress be, and it is hereby, DENIED.

SIGNED at Houston, Texas this 20th day of January, 2012.

                                                                                                                Kenneth M. Hoyt
                                                                                                                United States District Judge