United States District Court
Southern District of Texas
**ENTERED**
October 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP EDWARD BAKER, | § | |
| | § | |
| Movant, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-42 |
| | § | CRIMINAL ACTION NO. 3:11-CR-8 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Phillip Edward Baker is a federal prisoner who has filed a motion to vacate three child pornography convictions pursuant to 28 U.S.C. § 2255 (Dkt. 118).[1] The Government has responded (Dkt. 125). Baker has received three extensions of his time to file a reply (Dkt. 130, Dkt. 132, and Dkt. 134) but has not filed one—and now, over a year after requesting the first such extension, Baker is asking the Court for the first time to provide him with free trial transcripts (Dkt. 135). The Court has considered the parties' briefing and the full record of these proceedings. Baker's request for free transcripts (Dkt. 135) and Section 2255 motion (Dkt. 118) are both **DENIED**.

I.   **BAKER'S REQUEST FOR TRIAL TRANSCRIPTS**

The Court will first briefly address Baker's eleventh-hour request for free trial transcripts. Baker's only proffered reason for the request is that he needs the transcripts to "establish the newly discovered evidence that will prompt this Court to make a denovo

---

[1] All docket entry numbers refer to the docket in the criminal matter.

[sic] review of his illegal sentence and conviction" (Dkt. 135 at p. 2) (quotation marks omitted). That is not a valid justification.

Baker "is not entitled to conduct a fishing expedition to locate possible errors" at government expense. *United States v. Watson*, 61 Fed. App'x 919, 2003 WL 1109766, at *1 (5th Cir. 2003). In order to establish entitlement to a free trial transcript, an indigent Section 2255 petitioner must satisfy the requirements of 28 U.S.C. § 753(f) by demonstrating "that his [Section] 2255 claim is not frivolous and that the transcript is needed to decide the issue presented." *United States v. MacCollom*, 426 U.S. 317, 325–26 (1976) (plurality op.); *see also id.* at 329–30 (Blackmun, J., concurring) ("In order for him to obtain a transcript of his trial, he was required to show only that his claim was not frivolous and that there was a basis, grounded on some articulable facts, for believing that a transcript would assist him in his [Section] 2255 proceeding."). "[C]onclusional allegations are insufficient[.]" *United States v. Davis*, 369 Fed. App'x 546, 547 (5th Cir. 2010). "The movant must bring to the court's attention any facts that might require a close examination of the trial transcript." *Id.* (quotation marks, brackets, and citation omitted).

Baker's Section 2255 motion lists four claims for relief, all of them plainly meritless, and he evidently wants a free trial transcript simply so that he can look for more. He has not provided any concrete basis whatsoever for believing either that he has nonfrivolous claims to bring or that a transcript is needed to decide them. Baker's request for free trial transcripts is denied.

## II. BACKGROUND

On September 29, 2012, Judge Costa (this Court's predecessor, who now sits on the Fifth Circuit) convicted Baker after a bench trial of one count each of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1); access with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2); and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Dkt. 49; Dkt. 101-3 at pp. 32–34). Judge Costa sentenced Baker to concurrent terms of 135 months in prison on the first count and 120 months on each of the second and third counts and a life term of supervised release (Dkt. 97 at pp. 3–4). On appeal, Baker challenged Judge Costa's denial of his motion to suppress the cache of pornography at issue and Judge Costa's limited admission into evidence of utility bills with Baker's name and address on them that were found in the same house as the pornography; the Fifth Circuit affirmed (Dkt. 115). *See United States v. Baker*, 554 Fed. App'x 329 (5th Cir. 2014).

Baker then filed his Section 2255 motion, raising the following grounds for relief:

(1) The Government failed to prove the "interstate or foreign commerce" element of the charged crimes;

(2) The Government used an invalid "blanket" warrant to procure the key evidence against Baker;

(3) Baker's Fifth Amendment rights were violated when investigators used "duress, deception, and coercion" to obtain two written statements from him; and

(4) Baker's trial counsel was ineffective for failing to raise the first three grounds and generally "fail[ing] to present any defense, at all[.]"
Dkt. 118 at pp. 4–9.

III.  **SECTION 2255**

28 U.S.C. § 2255 allows federal prisoners to collaterally attack their convictions; but the circumstances under which they can use it are tightly cabined because the federal courts presume that a defendant stands fairly and finally convicted after the right to direct appeal has been exhausted or waived. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). In keeping with that presumption, a claim raised and rejected on direct appeal will not be considered on collateral review. *United States v. Webster*, 392 F.3d 787, 791 & n.5 (5th Cir. 2004). Questions of "constitutional or jurisdictional magnitude" may be raised for the first time on collateral review—*Cervantes*, 132 F.3d at 1109—but only if the defendant "demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error." *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994).

A Section 2255 petitioner may satisfy the cause-and-prejudice standard by showing that he received unconstitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Baker is evidently attempting to do just that—his only explanation for his failure to raise his issues on direct appeal reads, "Attorney/court counsel failed to raise the proper issue(s) on behalf of the defendants' [sic] defense" (Dkt. 118 at pp. 4–9) (capitalization omitted). And the only specific alleged deficiencies he points to in his lawyer's performance are the first three grounds in his Section 2255 motion (Dkt. 118 at

p. 8). With that in mind, the Court will address Baker's first three grounds for relief through the prism of the fourth.

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

### A.   The governing law

Claims of ineffective assistance of counsel are governed by the well-established, and demanding, standard set forth in *Strickland v. Washington*. In order to prevail, a criminal defendant must show that counsel failed to act reasonably considering all the circumstances and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment; and the defendant cannot meet the "reasonable probability" standard without showing a substantial, as opposed to conceivable, likelihood of a different result. *Id.* "As [the Fifth Circuit] has interpreted *Strickland*, counsel is not required to make futile motions or objections." *Garcia v. Stephens*, 793 F.3d 513, 525 (5th Cir. 2015) (quotation marks omitted). The prejudice prong of the *Strickland* test may be addressed before the performance prong, as the absence of either prong is dispositive. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

### B.   General "failure to present a defense"

Baker's general allegation that his trial counsel "failed to present any defense" is frivolous. After the bench trial, Judge Costa commended Baker's counsel, on the record,

for "provid[ing] a very strong defense for Mr. Baker" (Dkt. 101-3 at p. 39). After the sentencing hearing, Judge Costa noted, again on the record, "that [Baker's trial counsel] discharged [his] profound responsibility honorably and with a great deal of skill" (Dkt. 102 at p. 32). Judge Costa also complimented Baker's counsel's tactical approach to sentencing, stating during the pronouncement of Baker's sentence that Baker's counsel had "disavowed" a particular (and apparently commonly made) argument "wisely" (Dkt. 102 at p. 25). It is difficult to take seriously the sweeping contention that an attorney's representation was "grossly ineffective" when the presiding judge effusively praised that attorney—especially when the proceeding was a bench trial, where the judge sits as factfinder in addition to ruling on legal issues.

Nevertheless, the Court has conducted an independent review of the trial record and found that Baker's trial counsel indeed represented Baker very well. He secured Baker's release after indictment, so Baker spent 11 months free that he ordinarily would have spent in custody—Judge Costa noted that Baker's counsel "did a good job, certainly, in getting [Baker] that [11-month period] to get [his] affairs in order" (Dkt. 101-3 at p. 39). He filed a motion to suppress the pornography on the basis that the Government's search warrant was based on stale information (Dkt. 33). He secured a plea offer from the Government (which Baker rejected) whereby Baker would have pled guilty to count three of the indictment and the Government would have agreed not to seek an enhancement for distribution, not to oppose a three-level reduction for acceptance of responsibility, and not to oppose a sentence at the low end of the guideline range (Dkt. 100 at pp. 4–5). Before trial, he objected on hearsay grounds to the admission of utility

bills with Baker's name and address on them that were found in the same house as the pornography (Dkt. 100 at pp. 8–9); that objection was valid, and as a result Judge Costa admitted the bills "only for the limited purpose that documents with Mr. Baker's name were found at that particular location [and did] not consider the truth of any statements made in those bills, including the listing of [Baker's] address on the bills" (Dkt. 101 at p. 3). He thoroughly cross-examined the lead investigator and two other witnesses and established that another man lived in the same house as Baker and could have accessed the computers on which pornography was found (Dkt. 101 at pp. 16–17, 26–30; Dkt. 101-1 at pp. 32–40; Dkt. 101-2 at pp. 1–7). He moved for a judgment of acquittal and vigorously argued that the Government had not met its burden, particularly on the first, and most serious, count (Dkt. 101-3 at pp. 14–16, 26–28). At sentencing, he made a successful objection to the presentence report that resulted in a two-level reduction and then, on an issue raised *sua sponte* by Judge Costa, successfully argued for another two-level reduction (Dkt. 102 at pp. 5–11).

The Court agrees with Judge Costa's assessment and rejects Baker's argument that his counsel was generally "derelict in his duty" (Dkt. 118 at p. 8).

### C.  Legal sufficiency

The Court also rejects Baker's argument that his counsel was ineffective for failing to challenge the sufficiency of the Government's evidence on the "interstate or foreign commerce" element of the charges. Such a challenge would have failed. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt.") (emphasis in original). The evidence, viewed in the light most favorable to the Government, would enable a rational trier of fact to conclude beyond a reasonable doubt that Baker used the internet to obtain child pornography and also stored child pornography on computer hard drives that were manufactured in Malaysia and compact discs that were manufactured in Taiwan. That evidence established the requisite jurisdictional nexus. *United States v. Terrell*, 700 F.3d 755, 764–65 (5th Cir. 2012) ("This jurisdictional nexus may be shown if the images are contained on materials that traveled in interstate commerce *or* if the images themselves were transported in interstate commerce.") (emphasis added). Baker's trial counsel did not provide ineffective assistance by opting not to press this issue.

D.  **The warrant**

Baker's counsel was not ineffective for failing to challenge the Government's search warrant on a basis other than staleness. The Court has examined the warrant (Dkt. 33-1 and Dkt. 36-1), which identified a particular property by street address and description and incorporated by reference documents that stated specifically what the search entailed and what was to be seized. The warrant has no obvious defects. *United States v. Dancy*, 947 F.2d 1232, 1234 (5th Cir. 1991) ("A correct street address in a search warrant, even if no other description is given, is particular enough to withstand constitutional scrutiny."); *United States v. Allen*, 625 F.3d 830, 836 (5th Cir. 2010) ("Simply incorporating the affidavit and attachments, which stated specifically what the search entailed and what was to be seized, by reference in the warrant could have cured

the deficiency of the warrant."). Moreover, Baker has not demonstrated that the circumstances would have mandated suppression even assuming that the warrant itself could have been challenged. *See Allen*, 625 F.3d at 835–42 ("[T]he issue here is not the constitutional invalidity of the warrant, but whether the evidence seized pursuant to the unconstitutionally vague warrant should be suppressed. . . . Here, the police conduct was neither deliberate nor sufficiently culpable to warrant application of the exclusionary rule."). Baker's trial counsel did not provide ineffective assistance by opting not to press this issue.

### E.     The written statements

Baker's counsel was not ineffective for failing to challenge the admission of two written confessions given by Baker. As to the first statement, Baker argues that the lead investigator "stated that he could Petitioner if Petitioner gave him a statement concerning the disk found" (Dkt. 118 at p. 7). A word seems to be missing from that sentence, and the Court, based on Baker's other allegations, presumes that the missing word is "help"—Baker is arguing that his first written confession was rendered involuntary by a promise of "help."[2] The Court disagrees. "[A] confession is not involuntary merely because the suspect was promised leniency if he cooperated with law enforcement officials." *United States v. Santiago*, 410 F.3d 193, 202 (5th Cir. 2005) (quotation marks and citation omitted). And a vague promise of "help," which is all Baker points to, does not even

---

[2] If the missing word is not "help," then the Court has no idea what Baker is trying to say and Baker's claim stemming from his first confession fails for lack of specificity. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("[M]ore is required than conclusory allegations to raise an issue cognizable in a habeas proceeding.").

equate to a direct promise of leniency. *Hawkins v. Lynaugh*, 844 F.2d 1132, 1140 (5th Cir. 1988).

Baker has a more specific argument as to his second written confession. He contends that:

> [d]uring the second interview, [the agent] stated that the prosecutor wanted to charge Petitioner with production and distribution of illegal pornography and, if Petitioner cooperated with [the agent], and gave him another signed statement incriminating himself, that [the agent] could help him in getting the prosecutor to be more lenient toward Petitioner.
> Dkt. 118 at p. 7.

At trial, the investigator testified that he took a second statement from Baker because the U.S. Attorney's Office suspected Baker's involvement in the creation of a particular pornographic photograph and the distribution of pornography using a file-sharing program (Dkt. 101-1 at pp. 13–15). In his second statement, Baker admitted to downloading pornography but denied producing or distributing it (Dkt. 101-1 at pp. 13–15). Baker was never charged with production or distribution of child pornography. In other words, by all indications, the investigator's statements to Baker were true—the U.S. Attorney's Office *was* considering charging Baker with more (and more serious) crimes, but Baker's cooperation staved off those additional charges. Baker has not pointed to a broken promise or an untrue statement by the investigator, so he has not established any colorable basis for challenging the second confession, let alone a basis that only an incompetent attorney would have overlooked or forgone. *See United States v. Fernandes*, 285 Fed. App'x 119, 124–25 (5th Cir. 2008).

Baker's trial counsel did not provide ineffective assistance by opting not to move to suppress the written confessions. There is no basis for challenging the confessions because there is no indication that, under the totality of the circumstances, Baker's "capacity to resist was overborne to such a degree that the resulting confession could not be said to be the product of [his] own self-determination." *Santiago*, 410 F.3d at 202. Not only that, but Judge Costa specifically referenced the two confessions when he gave Baker a two-level reduction at sentencing for acceptance of responsibility, characterizing the confessions as "a much stronger example of remorse than the case we often see in which someone has denied their guilt to law enforcement initially" (Dkt. 102 at pp. 10–11). Raising baseless challenges to the confessions would have wiped out that reduction.

Baker has not established that his trial counsel was ineffective. Without such a showing, his claims for relief under Section 2255 fail, and his motion under that section is denied.

## V.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Baker's request for free transcripts (Dkt. 135) is **DENIED**.

2. Baker's motion for relief pursuant to 28 U.S.C. § 2255 (Dkt. 118) is **DENIED**.

3. A certificate of appealability is **DENIED**.

4. Civil Docket 3:15-CV-42 is **CLOSED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on \_\_\_\_October 17\_\_\_\_, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE